Nott, J.,
delivered the opinion of the court:
This is an action brought to recover $1,118 11, for a military officer’s pay.
The claimant belongs to that large class of volunteer soldiers who were commissioned by the governors of their respective States as regimental officers; who were assigned to duty as commissioned officers; who served as such, performing the duties, incurring the dangers, bearing the responsibilities; but who were refused muster-in, and consequentpay, because the company to which each was assigned had fallen below the minimum number prescribed by the War Department.
In this case it appears that on the 10th of August, 1863, the claimant was commissioned by the Governor of Ohio as second lieutenant in the Second Ohio Volunteer Infantry, he then being the first sergeant of Company D in that regiment. The claimant reported for duty to the commanding officer of the regiment, and was assigned by him for duty as second lieutenant in Company D. He served as such until the muster-out of the regiment, and during that time was recognized as a commissioned officer. A part of the time he was the'only commissioned officer with the company, and commanded it more than once in battle. When he presented himself for muster-in the mustering officer refused the muster, because Company D had become reduced below the minimum. The claimant was never mustered in as lieutenant, and never paid.
'To obviate this want of muster-in his counsel relies upon the Joint Resolution for the relief of certain officers of the army, 26 th July, I860, (14 Stab. L., p. 368.) It is as follows: ,
uJBe it resolved, die., That in every case in which a commissioned officer actually entered on duty'as such commissioned officer, but by reason of being killed in battle, captured by the enemy, or other cause beyond his control, and without fault or neglect of his own, was not mustered within a period of not less than thirty days, the Pay Department shall allow to such officer full pay and emoluments of his rank from the date on which such officer actually entered on such duty as aforesaid, deduct *171 ing from tlie amount paid in accordance with this resolution all pay actually received by such officer for such period.”
It is replied by the Assistant Attorney General that thejoint resolution applies only to officers who might have been mustered in under existing law and regulations, but that this claimant could not have been, and therefore was not prevented from being, in the sense of the resolution, by a “cause beyond his control.”
The court is not unmindful of the learned argument addressed to it by the Assistant Attorney General, but it is also remembered that this suit affects not the claimant alone, but a class of citizens who deserve well of their country, and who their country desires should receive the full measure of legal justice to which they may be entitled. For them there is no appeal to the Supreme Court; for the defendants there is. If this suit be decided adversely to the claimant by this court, the decision will be final against all of these soldiers. They are men who rose from the ranks by hard fighting and good conduct, earning their commissions before they got them, and working for them after they came,- and it seems a strange anomaly that six years after the war ended such men should be driven to seek the fruits of their promotion in a court of justice. Without expressing any opinion on the construction of the statutes, we will aid these officers toward obtaining the final decision of the court of last resort by an immediate decision.
The judgment of this court is, that the claimant recover his pay as second lieutenant, amounting to $1,118 11.